<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ZETA INTERACTIVE CORPORATION,<br><br>      Plaintiff,<br><br>v.<br><br>ADVERB MEDIA, INC., et al,<br><br>      Defendants. | Civ. No. 08-3056 (DRD)<br><br>**O P I N I O N** |

*Appearances by:*

GIBSON, DUNN & CRUTCHER, LLP
by: Gareth T. Evans
333 S. Grand Avenue
Los Angeles, CA 90071

  *Attorneys for Plaintiff*

GREENBAUM, ROWE, SMITH & DAVIS, LLP
by: Gary Koenigsberg and Alan Pralgeer
75 Livingston Avenue, Suite 301
Roseland, NJ 07068

  *Attorneys for Defendant*

**<u>DEBEVOISE, Senior District Judge</u>**

  Plaintiff, Zeta Interactive Corporation ("Zeta"), commenced this action on June 19, 2008,

naming as Defendants four corporations: Adverb Media, Inc. ("Adverb"), Temel, Inc. ("Temel"),

DigitalGrit, Inc. ("DigitalGrit"), and RelevantNoise, Inc. ("Relevant Noise"), referred to

collectively as the "Adverb Entities" or "Adverb Defendants." (Compl. ¶ 7.)  Temel, DigitalGrit, and RelevantNoise were wholly owned subsidiaries of Adverb.  Zeta also named as Defendants four individuals: Dan Lynn, Steven Goldthwaite, Scott Goldthwaite, and Carlos Alcala, collectively known as the "Individual Defendants."  (Compl. ¶ 11.)  Lynn was chief executive officer ("CEO") of each of the Adverb Defendants, and he and the other individuals were part owners of Adverb.  The Complaint alleges, among other offenses, that the Adverb Defendants made fraudulent and negligent misrepresentations on which Plaintiff relied and which directly led to Zeta's November 2007 purchase of Adverb.

Defendants now move to dismiss the fraud (Count Two) and negligent misrepresentation (Count Three) allegations for failure to state a claim upon which relief can be granted. Defendants submitted with their moving papers a certification and numerous exhibits (some of which were not incorporated in the Complaint).  This material has no place in a motion to dismiss the Complaint and will not be considered.  Because those averments in Counts Two and Three of the Complaint do not meet the pleading standard mandated by Federal Rule of Civil Procedure 9(b), those Counts will be dismissed.  Zeta will be granted leave, if it is able to do so, to amend and reassert those allegations.

## I. BACKGROUND

In relevant part, the Complaint alleges the following:

Prior to being purchased by Zeta, the Adverb Defendants engaged in web development and maintenance, search engine optimization, and internet advertising.  The most lucrative client for those services was Cephalon, Inc.  Ten days after Zeta purchased Adverb and its subsidiaries, Cephalon terminated its patronage, resulting in a substantial loss of revenue.

The Adverb Defendants knew or should have known of a number of developments prior to the completion of the purchase that had an adverse effect on the relationship between Cephalon and Adverb.  Specifically, Cephalon shut down all three of its websites being serviced by Temel and changed its payment terms from a flat fee arrangement to one based on time and materials in October 2007.  Those developments resulted in a $ 500,000 yearly loss to the Adverb Entities.  Plaintiff also contends that Temel made a series of mistakes in servicing the Cephalon account, culminating in the departure of Adam Cossman, the Temel employee responsible for overseeing the relationship between the companies.

On the basis of those developments, Counts Two and Three of Zeta's Complaint assert causes of action for fraud and negligent misrepresentation.  Count Two, which alleges fraud, is subtitled "(Fraud Against All Defendants)," thus asserting the fraud charges against both the corporate and individual Defendants.  Count Three, which alleges negligent misrepresentation, is entitled "(Negligent Misrepresentation Against the Adverb Defendants)," thus asserting the negligent misrepresentation claims only against the corporate, but not the individual, Defendants.  There are no factual allegations in Count Two against the individual defendants that could constitute a basis for a finding of fraud.  They are simply charged on an indemnity agreement:

> In their Shareholder Indemnification Agreements, each individual Defendant agreed to severally indemnify Zeta against all losses incurred, suffered, or sustained by Zeta arising out of or relating to fraud under the Adverb Entities' representations and warranties in the Purchase Agreement. Accordingly each of the Individual Defendants is severally liable for the Adverb Entities' fraud.

(Compl. ¶ 44.)

3

At oral argument, Zeta's counsel was in a state of indecision as to whether Zeta intended to charge the individual Defendants with fraud.  In its present form the Complaint does not do so, but it is difficult to understand how the four corporations could be charged with fraud if none of its officers and owners committed fraud.

In any event, the fraud claims, which refer only to the Adverb Defendants (Adverb, Temel, DigitalGrit, and RelevantNoise) as a group, are premised on two alleged acts of misrepresentation. First, Zeta contends that the Adverb Defendants knew that warranties contained in the purchase agreement, which stated there had been no adverse developments in the Adverb Entities' business, were known to be false at the time they were made.  Plaintiff also claims that the "Executive Officer's Certificates" signed by Adverb CEO Dan Lynn contained intentional misrepresentations to the extent that those certificates stated that all warranties contained in the purchase agreement were true and correct as of the closing date.

## II.  DISCUSSION

Defendants argue that the fraud and negligent misrepresentation allegations should be dismissed because they do not include specific information regarding which individuals within the Adverb entities knew of the adverse developments between Adverb and Cephalon, when they learned of those developments, or what specific behavior by each individual constituted acts of misrepresentation.  Zeta counters by arguing that the Complaint is sufficiently specific to satisfy the liberal pleading standards of Federal Rule of Civil Procedure 9(b).  In order to address that argument, it is necessary to examine Counts Two and Three of the Complaint in light of the pleading standard for fraud claims.

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for

failure to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The inquiry, however, "is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." In re Rockefeller Ctr. Prop., Inc., 311 F.3d 198, 215 (3d Cir. 2002).

The Supreme Court clarified the Rule 12(b)(6) standard in Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955 (2007). That case abrogated the rule established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." In contrast, Bell Atl., 127 S.Ct. at 1965, held that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Thus, the allegations in the complaint must be enough to "raise a reasonable expectation that discovery will reveal evidence of the necessary element," thereby justifying the advancement of "the case beyond the pleadings to the next stage of litigation." Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008).

In order to assert a cognizable claim for fraud, a plaintiff "must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged." Federico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007). "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Id. While the specific circumstances or acts constituting fraud or mistake must be

alleged with particularity, "[m]alice, intent, knowledge and other conditions of mind of a person may be alleged generally." Id. (quoting Fed. R. Civ. P. 9(b)).

On application of this standard, it is clear that the allegations of fraud and misrepresentation in Zeta's Complaint lack the required specificity. The only allegedly-false statements regarding the relationship between Adverb and Cephalon that are cited in the Complaint were warranties contained in the purchase agreement and a related attestation in which Adverb's CEO stated that all representations in the purchase agreement were correct as of the time of closing. See (Compl. ¶¶ 17-25.) Those documents were signed only by Dan Lynn, and the Complaint contains no allegations regarding how Mr. Lynn or any other individual within the defendant companies knew or should have known of the adverse developments regarding Cephalon. Moreover, the allegations do not include any information regarding when individuals within the defendant companies learned of the changes to the relationship between Adverb and Cephalon or how they concealed those changes. (Id. ¶¶ 39-51.) In light of this lack of specificity, the Complaint fails to state a claim for fraud or negligent misrepresentation, and must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

"Ordinarily where a complaint is dismissed on Rule 9(b) 'failure to plead with particularity' grounds alone, leave to amend is granted." In re Burlington Coat Factory Litig., 114 F.3d 1410, 1435 (3d Cir. 1997). A possibly meritorious claim should not be precluded because of a defect in the pleadings, and leave to amend should be granted in cases where a Complaint is dismissed for failure to state a claim unless doing so would be futile. Id. at 1434-35. Therefore, the court will grant Zeta 30 days to amend its claims for fraud and negligent misrepresentation in order to comply with the particularity requirements of Federal

Rule of Civil Procedure 9(b).

### III.  CONCLUSION

For all the foregoing reasons, Counts Two and Three of Zeta's Complaint, alleging fraud and negligent misrepresentation, are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  Zeta may amend and reassert its claims within 30 days.

The court will enter an order implementing this opinion.


                        **s/ Dickinson R. Debevoise**
                        DICKINSON R. DEBEVOISE, U.S.S.D.J.


Dated: October 27th, 2008